[Civ. No. 384. Fourth Appellate District.—April 19, 1932.]

H. L. CIERLEY et al., Appellants, v. BERNARD UHALT, Respondent.

Calvin H. Conron, Jr., and Harry M. Conron for Appellants.

Aldrich & Mack for Respondent.

MARKS, J.—Baker Street is a public thoroughfare running north and south in the city of Bakersfield. It is crossed at right angles by Eleventh Street. This crossing is an obstructed intersection as defined by section 113 of the California Vehicle Act.

At about noon on September 6, 1929, a Whippet delivery truck belonging to appellants and being driven by their employee upon their business came into collision with an automobile driven by respondent at or near the northerly line of the intersection produced across Baker Street. Appellants instituted this action to recover the resulting damages. The trial court found both drivers concurrently negligent and that the driver of appellants' truck was guilty of contributory negligence, and awarded no damages.

Appellants state three grounds upon which they maintain the judgment should be reversed: First, that the finding that the driver of appellants' truck was guilty of negligence and contributory negligence, is not supported by the evidence; second, that respondent had the last clear chance to avoid the accident; and, third, that the trial court erred in denying appellants' motion for new trial on the ground of newly discovered evidence.

There is no merit in the contention that the finding, that appellants' driver was guilty of negligence and con-

tributory negligence, finds no support in the evidence. Respondent testified that he entered the intersection from the west and proceeded to make a left turn to go north on Baker Street; that there was no vehicle within 150 feet of the intersection when he entered it from Eleventh Street; that there were at least two cars approaching from the north on Baker Street at more than that distance; and that when he reached a point at about the north line of the intersection, with his automobile on or east of the medial line of Baker Street, he realized that a collision with appellants' truck was imminent and stopped his car. His account of the course of appellants' truck may be summarized as follows: There were two automobiles traveling south on the westerly half of Baker Street followed by the truck, which started to pass them more than 150 feet north from the intersection. The truck swung easterly to the driver's left-hand side of Baker Street, traveling at a high rate of speed. It continued traveling at a high rate of speed southerly on the wrong side of Baker Street until just before the impact when its driver turned sharply to his right, bringing the left rear portion of the truck into collision with the left front wheel of respondent's automobile. When the truck was between 80 and 100 feet distant from him, respondent brought his automobile to a full stop and it did not again move until it was towed from the road. This evidence amply supports the finding of the trial court that the driver of the truck was both negligent and contributorily negligent. This testimony was contradicted by other evidence, but we cannot reverse a judgment because of a conflict in the evidence.

The doctrine of the last clear chance is not necessarily applicable to the facts of this case. The rules governing this doctrine are announced in the article entitled ''Automobiles'', 1928 Supplement to California Jurisprudence, page 233 et seq., and the many cases there cited. By inference the trial court found this doctrine inapplicable to the facts of this case and we cannot disturb this implied finding.

Appellants presented the affidavits of two witnesses in support of their motion for new trial on the ground of newly discovered evidence. One of the affiants appeared at

the trial and testified in their behalf. The other continuously resided close to the scene of the accident from the time of its happening to the time of the trial. No due diligence was shown by appellants in seeking the presence of this witness at the trial. The proposed testimony of both these witnesses was merely cumulative of other evidence introduced. The affidavits furnished no legal ground for an order granting a new trial.

The judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.